WOLFSHEIM et al. v. AMMANN MFG. & CONST. CO.

(Supreme Court, Appellate Term. June 3, 1908.)

SALES—DAMAGES—MEASURE—BREACH OF EXECUTORY CONTRACT BY BUYER.

> The seller, upon the breach of an executory contract of sale, may store the property for the buyer and sue for the purchase price, or may sell the property as agent for the buyer and recover any deficiency resulting, or he may keep the property as his own and recover the difference between the contract price and the market price at the time and place of delivery; but he is not entitled to the difference between the contract price and the value of the goods at the time of trial.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 914–917, 942–955.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louis Wolfsheim and another against the Ammann Manufacturing & Construction Company. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Oscar Englander, for appellant.
Eph. A. Karelsen, for respondents.

PER CURIAM. The plaintiffs and the defendant entered into a written contract whereby the plaintiffs agreed to make trays for jewelry cases, of special design and sizes, and to deliver the same to them no later than September 21, 1907, at the place of business of Darlington & Co., in the borough of Brooklyn, city of New York. The defendant agreed to pay for the same—one half upon the delivery, and the other half 30 days after acceptance by Darlington & Co. The pleadings in this case were oral. The plaintiffs demand judgment for a breach of contract, and the defendant's answer was a general denial and demanded a bill of particulars. Subsequently plaintiffs filed a bill of particulars showing the alleged contract value of the trays, and also showing the alleged value of the trays at the time, apparently, that the bill of particulars was made, the date of which is not given. The plaintiffs failed to deliver the trays at the time specified in the contract, and at the time of the trial, on the 24th day of December, 1907, had said trays in their possession.

Plaintiffs have recovered a judgment of $485.25, which was the difference between the alleged contract price and the value of the

trays at the time of the trial, as testified to by the plaintiffs upon the trial. This was not the correct measure of damage. The vendor, upon the breach of an executory contract of sale, may store the property for the buyer and sue for the purchase price, or may sell the property as agent for the vendee and recover any deficiency resulting, or he may keep the property as his own and recover the difference between the contract price and the market price at the time and place of delivery. The plaintiffs apparently proceeded upon the theory of keeping the property as their own and recovering the difference between the contract price and the market price at the time and place of delivery; but the time of delivery was on or before September 21, 1907, while the trial took place on December 24, 1907, more than two months after the time of the delivery as stated in the contract, and for all that appears to the contrary the market price may have changed in this interval. The interests of justice seem to require a new trial of this case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.